# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE RAYMOND BOUDREAU,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:15-cv-00088-LJO-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO VACATE DISMISSAL OF ACTION AND VACATING THE MARCH 26, 0215 ORDER DISMISSING THIS ACTION AND JUDGMENT<br><br>(ECF No. 10) |

### I. Procedural History

On January 19, 2015, Plaintiff Maurice Raymond Boudreau ("Plaintiff") filed the complaint in this action seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant") denying Plaintiff's application for benefits under the Social Security Act. (ECF No. 1.) Plaintiff filed an application to proceed in forma pauperis without prepayment of the filing fee on the same day which was denied. (ECF Nos. 3, 4.) Plaintiff was ordered to pay the filing fee within thirty days. (ECF No. 4.)

Although there is now record evidence demonstrating that Plaintiff did send a timely money order to the Court to pay the filing fee, the fee was not credited to the case at the time. (ECF No. 10-2.) On March 3, 2015, findings and recommendations issued recommending dismissing this action for failure to pay the filing fee. (ECF No. 7.) Plaintiff was provided with thirty days in which to file objections to the findings and recommendations. (Id.) Plaintiff did not file objections and on March 26, 2015, the findings and recommendations were adopted and judgment was entered. (ECF Nos. 8, 9.)

On July 4, 2017, Plaintiff filed a motion to vacate the dismissal of this action. (ECF No. 10.)

### II. Legal Standard

Plaintiff does not articulate the rule under which he seeks to vacate the judgment. Rules 59 and 60 of the Federal Rules of Civil Procedure address amendment or relief from judgment.

1

1  Rule 59 provides that a motion to alter or amend a judgment must be filed no later than 28 days
2  after the entry of judgment. Fed. R. Civ. P. 59(e). As the current motion has been filed more than
3  two years after judgment has been entered, the Court concludes that Plaintiff is seeking to amend
4  the judgment under Rule 60.

Rule 60 of the Federal Rules of Civil Procedure governs requests for relief from a judgment or order.[1] Under Rule 60(b), a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

**III.  Analysis**

Plaintiff moves to reopen this action on the ground that he paid the filing fee prior to the Court's deadline; and therefore, the action was dismissed in error for failing to pay the filing fee.

On January 30, 2015, counsel informed Plaintiff by telephone that Plaintiff had until February 20, 2015 to pay the filing fee or his complaint would be dismissed. (Decl. of Jacqueline A. Forslund ("Forslund Decl.") ¶ 5[2], ECF No. 10-1.) During that telephone call, Plaintiff informed counsel that he did not have the money to pay the filing fee but would attempt to find funds to do so. (Id. ¶ 6.)

---

[1] Rule 60(a) can be used to correct clerical errors, but is limited to clarification of matters intended to be implied or subsumed in the original judgment, not to change or modify the legal effect of a judgment. Garamendi v. Henin, 683 F.3d 1069, 1077 (9th Cir. 2012). The Ninth Circuit has held that Rule 60(b)(1) can be used to correct judicial error. Gila River Ranch, Inc. v. United States, 368 F.2d 354, 357 (9th Cir. 1966).

[2] The Forslund Declaration actually indicates at Paragraph 5 that counsel informed Plaintiff on June 30, 2015 of the due date for the filing fee. But, when read in context, it is clear that this is a typographical error and that counsel meant to indicate that she informed Plaintiff on January 30, 2015 of the due date for the filing fee.

| | |
|---|---|
| 1 | Plaintiff mailed a United States Postal Money Order to the Court that was deposited to |
| 2 | the United States Treasury on February 19, 2015. (August 24, 2016 Letter from United States |
| 3 | Postal Service, ECF No. 10-2.) In June 2016, Plaintiff called counsel to check on the status of his |
| 4 | case, claiming to have paid the filing fee. (Forslund Decl. ¶ 9.) Plaintiff informed counsel that he |
| 5 | had mailed a money order to the Clerk of the Court to pay the filing fee but had not asked for |
| 6 | proof of delivery. (Id. ¶ 9.) Plaintiff told counsel he would try to trace the money order to |
| 7 | determine if it had been lost or stolen. (Id. ¶ 11.) On August 24, 2016, the United States Postal |
| 8 | Service provided Plaintiff with a copy of the money order showing that it had been credited to |
| 9 | the United States Treasury on February 19, 2015. (ECF No. 10-2.) Plaintiff did not immediately |
| 10 | inform counsel of his receipt of the letter from the Postal Service. |
| 11 | At some point after receiving the letter from the Postal Service, Plaintiff contacted the |
| 12 | Milam Firm, which represented him during administrative proceedings. (Forslund Decl. ¶ 15.) |
| 13 | The Milam Firm eventually referred Plaintiff back to trial counsel. (Id. ¶ 16.) |
| 14 | Plaintiff called counsel on April 26, 2017. (Id. ¶ 12.) Counsel called Plaintiff back the |
| 15 | next day, at which time Plaintiff informed counsel of the Postal Service letter. (Id. ¶ 13.) Plaintiff |
| 16 | mailed the copy of the letter to counsel who received it on May 12, 2017. (Id. ¶ 17.) Plaintiff's |
| 17 | counsel then requested a copy of Plaintiff's hearing file, excerpts from which are attached as |
| 18 | exhibits to the present motion, filed July 4, 2017. (Id. ¶ 19; ECF No. 10.) |

**A. Plaintiff Did Not File His Motion Within One Year of Entry of Judgment Barring Relief Under Rule 60(b)(1), (2), or (3)**

Although Plaintiff was aware that he had paid the filing fee in February 2015, he did not move to set aside the judgement in this action until more than two years after the action had dismissed for failure to pay the filing fee. Under Rule 60, a motion under subsection (1), (2), or (3) must be brought no more than a year after the entry of the judgment. The requirement that the Rule 60 motion be filed within one year of entry of judgment is jurisdictional and failure to file within the time specified deprives the court of jurisdiction to consider the motion. Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989).

Judgment in this action was entered on March 26, 2015. Therefore, Plaintiff's motion is

untimely for any relief sought under Rule 60(b) on the grounds of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud.

**B.    Rule 60(b)(6)**

The question then is whether Plaintiff's motion is timely under Rule 60(b)(6)[3] which allows the judgment to be set aside for any other reason that justifies relief. To obtain relief under Rule 60(b)(6), Plaintiff's motion must be filed within a reasonable time. Fed. R. Civ. P. 60(c)(1). The Ninth Circuit has held that determining whether a motion to obtain relief under Rule 60 is filed within a reasonable time requires a case by case analysis. In re Williams, 287 B.R. 787, 793 (B.A.P. 9th Cir. 2002) (citing Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981)). In making the determination, the court should take "into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford, 657 F.2d at 1055. "Relief under section 60(b)(6) is reserved for 'extraordinary circumstances[,]' " id., and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment[,]" Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).

1.    <u>Interest in Finality of Judgments</u>

"Where the time for filing an appeal to the underlying judgment has expired, the interest in the finality of judgments is to be given great weight in determining whether a [motion under Rule 60] is filed within a 'reasonable time.' " In re Williams, 287 B.R. at 793. Rule 4 of the Federal Rules of Appellate Procedure provides that an appeal where one of the parties is an Agency of the United States must be filed in the district court within 60 days after the entry of judgment or the order appealed from. Fed. R. App. P. 4(a)(2). However, this action was dismissed for failure to pay the filing fee. The Ninth Circuit has held that "where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching

---

[3] There are no allegations that the judgment is void or has been satisfied so subsections (4) and (5) would not apply. Rule 60(b)(6) which allows relief for any other reason that justifies relief is referred to as the catch all provision.

4

the merits of a dispute. <u>TCI Grp. Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 696 (9th Cir. 2001), <u>as amended on denial of reh'g and reh'g en banc</u> (May 9, 2001). This does not mean that the moving party is absolved of demonstrating that the interest in deciding the case on the merits prevails over the important interest in finality of judgments. <u>Id.</u> at 696. Plaintiff bears the burden of demonstrating that the factors favoring deciding the case on the merits favors vacating the judgment. <u>Id.</u>

Plaintiff has presented no evidence or argument that the interest in finality of judgments weighs in favor finding that he filed his motion within a reasonable time. Since this action was not dismissed on the merits, the Court finds that the interest in finality of judgments weighs slightly against finding that the current motion was filed within a reasonable time.

      2.     <u>Prejudice to Defendant</u>

Plaintiff argues that since no evidence has been lost and no further testimony from witnesses will be sought there will be no prejudice to Plaintiff in setting aside the dismissal of this action. However, in deciding an action challenging the denial of Social Security benefits, the Court can affirm the denial, remand for the payment of benefits, or remand for further proceedings. If the action were to be remanded for further proceedings, the Court cannot find that the nearly two and a half year delay in moving to set aside the judgment in this action would not be prejudicial to Defendants. Should this action be remanded for further proceedings which would require further medical examination, Plaintiff's condition could have significantly changed during the more than two year delay caused by the failure to correct any erroneous judgment at an earlier date.

As it is unclear whether this action would be remanded for further proceedings, the Court finds that the prejudice to the defendant weighs slightly in favor of finding that the appeal was filed in a reasonable time.

      3.     <u>Reason for the Delay and Ability of Plaintiff to Learn of Grounds Relied Upon Earlier</u>

While it is true that almost 28 months passed between the dismissal of this case on March 25, 2015 and the filing of the instant motion, the circumstances of this case combine to provide a

1  basis for application of Rule 60(b)(6). Counsel informed Plaintiff in January 2015 that he had
2  until February 20, 2015 to pay the filing fee or his complaint would be dismissed. (Forslund
3  Decl. ¶ 6.) Plaintiff informed counsel that he did not have the money to pay the filing fee but
4  would attempt to find funds to do so. (Id.) We now know that Plaintiff did indeed find the funds
5  to pay the filing fee and did so (ECF No. 10-2), but counsel had no way of knowing this.
6  Therefore, when counsel received notice on or about March 26, 2015 that the case had been
7  dismissed for failure to pay the filing fee, this was to be expected and counsel had no reason to
8  believe Plaintiff would be expecting otherwise.

9  It was not until June 2016 that counsel had any reason to believe an error might have
10 taken place. At that time, Plaintiff called to check on the status of his case, claiming to have paid
11 the filing fee. (Forslund Decl. ¶ 9.) Still, without further documentation, counsel had no firm
12 reason to believe this to be the case. Plaintiff indicated that he would attempt to trace the money
13 order. (Id. ¶ 11.) He did so, and received a letter from the Postal Service on August 24, 2016,
14 indicating that the money order had been endorsed by the Court on February 19, 2015. (ECF No.
15 10-2.)

16 It is problematic that Plaintiff did not provide this evidence to counsel until May 2017,
17 ten months later. But, Plaintiff provides evidence of his long-standing mental health issues, with
18 a diagnosis of major depression and posttraumatic stress disorder in 2005 (Foslund Decl., Ex. 4,
19 ECF No. 10-4), followed by a psychiatric assessment in 2012 indicating marked deficits in the
20 ability to concentrate and remember complex tasks. (Id. at Ex. 5, ECF No. 10-5.) Plaintiff further
21 asserts that at some unspecified time during the period between his receipt of the letter from the
22 Postal Service, he contacted the Milam Firm, which represented him during administrative
23 proceedings. (Id. ¶ 15.) This suggests he was confused about the process and who to contact
24 about the information provided by the Postal Service. Although the record does not reflect
25 exactly when, the Milam Firm eventually referred Plaintiff back to trial counsel. (Id. ¶ 16.)
26 Plaintiff then called counsel on April 26, 2017. (Id. ¶ 12.) Counsel called Plaintiff back the next
27 day, at which time Plaintiff informed counsel of the Postal Service letter. (Id. ¶¶ 12-13.)
28 Plaintiff's counsel received a copy of the Postal Service letter on May 12, 2017. (Id. ¶ 17.)

Counsel then requested certain records which she attached as exhibits to the present motion, filed within a few months of her receipt of the Postal Service letter. (Id. ¶ 19.)

All of these circumstances, including a significant administrative error by the Court itself, combine to justify a finding that the present circumstances are extraordinary. Although there were delays caused by both Plaintiff and counsel, the predominant delay was caused by the almost farcical circumstance in which counsel had no way of knowing Plaintiff had actually timely paid his filing fee until Plaintiff called counsel in June 2016 requesting an update on his case. Although "[t]he Rule 60(b)(6) 'catch-all' provision . . . applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60," Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007), the present circumstances go beyond the type of a "mere clerical error" covered by Rule 60(a). Under these unique circumstances, the Court believes it is appropriate to grant Rule 60(b)(6) relief.

**IV.     ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to vacate the dismissal of this action is HEREBY GRANTED;
2. The March 26, 2015 order dismissing this action and judgment are VACATED; and
3. The Clerk of the Court is DIRECTED to issue summonses and new case documents in this matter.

IT IS SO ORDERED.

Dated: **July 11, 2017**            **/s/ Lawrence J. O'Neill**
                                     UNITED STATES CHIEF DISTRICT JUDGE

7